UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHAKA BOMANI,

                                                Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, INSPECTOR ROBERT
BOYCE, SERGEANT ROBERT HENDERSON, POLICE
OFFICER PABLO DEJESUS, POLICE OFFICER
JEFFREY SATTALI,

                                                Defendants.

------------------------------------------------------------------------ x

05 CV 2511(KMW)

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1985, the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a November 8, 2003 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false detention, assault and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and §1985 and the First, Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

**PARTIES**

7. Plaintiff is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendant. The Commissioner is sued in his individual and official capacities.

10. Inspector Robert Boyce ("Inspector Boyce") was at all times here relevant the Commanding Officer of the 67th Precinct and, as such, was a policy maker and supervisor with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Inspector Boyce is sued in his individual and official capacities.

11. All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City

and State of New York.

## FACTUAL ALLEGATIONS

13.     At approximately 12:05 a.m. on November 8, 2003, plaintiff was unlawfully stopped, detained, interrogated, and searched by defendant police officers near the corner of 52nd Street and Church Avenue in Brooklyn, New York.  The defendant officers also unlawfully searched plaintiff's automobile and assaulted and battered him, causing injury.

14.     At all times during the events described above, the defendant police officers were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

15.     During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

16.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

        a.     Violation of his constitutional rights to freedom of speech under the First Amendment to the United States Constitution;

        b.     Violation of his rights to freedom of speech pursuant to Article 1, Section 8 of the New York State Constitution;

        c.     Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

        d.     Violation of his New York State constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   e. Violation of his right to Due Process of Law under the 14th Amendments to the United Stated Constitution;

   f. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   g. Physical pain and suffering, requiring the expenditure of money for treatment;

   h. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss, and property damage;

   i. Loss of liberty;

   j. Attorney's and court fees.

**FIRST CAUSE OF ACTION**
(42 USC § 1983 FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSITUTION OF THE UNITED STATES – UNLAWFUL DETENTION)

17. Paragraphs one through 16 are here incorporated by reference.

18. Defendants subjected plaintiff to unlawful detention and deprivation of liberty without probable cause or lawful justification.

19. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive his of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

20. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand (500, 000.00) dollars.

**SECOND CAUSE OF ACTION**
(42 USC § 1983 FOURTH AMENDMENT TO THE CONSITUTION OF THE UNITED STATES – EXCESSIVE FORCE)

22. Paragraphs one through 21 are here incorporated by reference.

23. Defendants subjected plaintiff to unreasonable excessive force in the course of their interaction with plaintiff.

24. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

25. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

26. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand ($500,000.00) dollars.

**THIRD CAUSE OF ACTION**
(42 USC § 1983 FOURTH AMENDMENT TO THE CONSITUTION OF THE UNITED STATES – ILLEGAL SEARCH OF PERSON)

27. Paragraphs one through 26 are here incorporated by reference.

28. Defendants subjected plaintiff to a search of his person without any legal justification.

29. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

30. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

31.     Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand ($500,000.00) dollars.

## FOURTH CAUSE OF ACTION
### (42 USC § 1983 FOURTH AMENDMENT TO THE CONSITUTION OF THE UNITED STATES – ILLEGAL SEARCH OF AUTOMOBILE)

32.     Paragraphs one through 31 are here incorporated by reference.

33.     Defendants subjected plaintiff to a search of his automobile without any legal justification.

34.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

35.     Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

36.     Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand ($500,000.00) dollars.

## FIFTH CAUSE OF ACTION
### (ASSAULT)

37.     Paragraphs one through 36 are here incorporated by reference.

38.     Upon approaching plaintiff, and arresting him, defendants made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

39.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

40.     Plaintiff was damaged by defendants' assault in the amount of Five Hundred

Thousand ($500,000.00) Dollars.

## SIXTH CAUSE OF ACTION
### (BATTERY)

41. Paragraphs one through 40 are here incorporated by reference.

42. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her.

43. Defendants used excessive and unnecessary force with plaintiff.

44. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

45. Plaintiff was damaged by the battery of the defendants in the amount of Five Hundred Thousand ($500,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
### (FALSE IMPRISONMENT)

46. Paragraphs one through 45 are here incorporated by reference.

47. Defendants subjected plaintiff to unlawful detention and deprivation of liberty without probable cause or lawful justification.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

49. As a result of the false detention and deprivation of liberty, plaintiff was damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

## EIGHTH CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

50. Paragraphs one through 49 are here incorporated by reference.

51. The City, the Commissioner and Inspector Boyce are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants and the others whose names are currently unknown.

52. The City, the Commissioner and Inspector Boyce knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

53. The aforesaid event was not an isolated incident. The City, the Commissioner and Inspector Boyce have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for a stop and detention, and the observations required to support probable cause and reasonable suspicion. The City, Commissioner and Inspector are further aware, from the same sources, that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Commissioner and Inspector fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Additionally, the City, Commissioner and Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiff's civil rights, without fear of reprisal.

54. The City the Deputy Commissioner and Inspector Boyce knew or should have

known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner and Inspector Boyce failed to take corrective action.

55. The City, the Commissioner and Inspector Boyce have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

56. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

57. Defendants City of New York, the Commissioner and Inspector have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

58. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City the Commissioner and Inspector Boyce in the amount of Five Hundred thousand ($500,000.00) dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in the amount of Five Hundred Thousand ($500,000.00) dollars for each of plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of Five Hundred Thousand ($500,000.00) dollars for each of plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

action; and

        D.      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:      Brooklyn, New York
                    June 24, 2005

| TO: | |
|---|---|
| New York City<br>Corporation Counsel Office<br>100 Church Street, 4th floor<br>New York, NY 10007 | Yours, etc.,<br><br>Stoll & Glickman LLP<br>By: LEO GLICKMAN, ESQ.<br>Bar #LG3644<br>Attorney for Plaintiff<br>71 Nevins Street<br>Brooklyn, NY 11217<br>(718) 852-0507<br>lglickman@earthlink.net |
| Police Commissioner Raymond W. Kelly<br>1 Police Plaza<br>Room 1406<br>New York, NY 10006 | |
| Inspector Robert Boyce<br>67th Police Precinct<br>2820 Snyder Avenue<br>Brooklyn, NY 11226 | |
| Sergeant Robert Henderson<br>67th Police Precinct<br>2820 Snyder Avenue<br>Brooklyn, NY 11226 | |
| Police Officer Pablo DeJesus<br>67th Police Precinct<br>2820 Snyder Avenue<br>Brooklyn, NY 11226 | |
| Police Officer Jeffrey Sattali<br>67th Police Precinct<br>2820 Snyder Avenue<br>Brooklyn, NY 11226 | |