UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

CHAKA BOMANI,

                                    Plaintiff,

                 -against-

THE CITY OF NEW YORK, POLICE
COMMISSIONER RAYMOND W. KELLY,
INSPECTOR ROBERT BOYCE, SERGEANT
ROBERT HENDERSON, POLICE OFFICER PABLO
DEJESUS, POLICE OFFICER JEFFREY SATTALI,

                                    Defendants.

-----------------------------------------------------------------x

**STIPULATION AND
ORDER OF
SETTLEMENT AND
DISMISSAL**

05 CV 2511 (KMW)(AJP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/05

**WHEREAS,** plaintiff Chaka Bomani commenced this action by filing a complaint on or about March 2, 2005, alleging a violation of his civil rights pursuant to federal and state law; and

**WHEREAS,** defendants City of New York, Police Commissioner Raymond Kelly, Inspector Robert Boyce, Police Officer Pablo DeJesus and Police Officer Jeffrey Sattali (or the "City Defendants") have denied any and all liability arising out of plaintiff's allegations;

**WHEREAS,** the plaintiff and defendant City of New York have resolved the issues raised in this litigation as against defendants City of New York, Kelly, Boyce, DeJesus and Sattali, without admitting any fault or liability; and

**WHEREAS,** plaintiff's claims as against defendant Sergeant Robert Henderson are not extinguished by this settlement agreement;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.    In consideration of the payment of FORTY THOUSAND ($40,000.00) DOLLARS by the City of New York, in full and final satisfaction of all claims as against the City Defendants, including claims for costs, expenses and attorney fees, plaintiff Bomani agrees to the dismissal of all the claims against the City Defendants, and to release all the City Defendants, and any present or former employees and agents of the City of New York, with the exception of Robert Henderson, from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

2.    If the above-captioned matter proceeds against defendant Robert Henderson such that a judgment is entered in favor of plaintiff, neither plaintiff, his counsel or any party in privity with either of them shall seek or receive from the City of New York compensation for attorneys fees or costs and disbursements, and any claim for attorneys fees or costs and disbursements of litigation, or any like claim or expense, other than as provided for in paragraph "1" above, is hereby waived.

3.    Other than as set forth in paragraph "1" above, plaintiff and his counsel, or any party in privity with either of them, shall have no recovery as against the City Defendants for any damages, injury, equitable or other relief, or fees or costs in connection herewith;

4.    Plaintiff Bomani shall execute and deliver to the City attorney all documents necessary to effect the settlement, including, without limitation, a General Release based on the terms of paragraph "1" above and an Affidavit Regarding Liens.

5.  Nothing contained herein shall be deemed to be an admission by defendants City of New York, Kelly, Boyce, DeJesus or Sattali that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes,

ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other proceeding, litigation or settlement negotiations.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:      New York, New York
            October 3, 2005

_____
LEO GLICKMAN, ESQ. (LG ____ )
Attorney for Plaintiff Bomani
71 Nevins Street
Brooklyn, New York  11217
(718) 852-0507

_____
M. VIVIAN NAJIB, ESQ. (MN 6002)
Assistant Corporation Counsel
MICHAEL A. CARDOZO
Corporation Counsel of
  the City of New York
Attorney for Defendants City
  of New York, Keily, Boyce,
  DeJesus and Sattali
100 Church Street
New York, NY  10007
(212) 788-1575

SO ORDERED:  10 - 25 - 05

_____
Kimba M. Wood, USDJ